# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| CHAD CROUCH and AMY CROUCH, **Plaintiffs,** v. ERIE INSURANCE COMPANY, **Defendant.** | CASE NO. 5:25-CV-296-KKC <br><br> OPINION AND ORDER |

*** *** ***

This matter is before the Court on the motion to bifurcate and stay discovery filed by Defendant Erie Insurance Company ("Erie"). (R. 4.) Plaintiffs Chad Crouch and Amy Crouch ("the Crouches") filed a response. (R. 6.) Erie replied. (R. 7.) Fully briefed, the Court will address the motion.

## I. BACKGROUND

This action arises from an insurance policy dispute between the Crouches and Erie. The Crouches purchased a homeowners' insurance policy from Erie on May 2, 2022. (R. 6-1.) Later, the Crouches obtained an Erie Select Endorsement policy, expanding and adding value to the homeowners' insurance coverages. (R. 6-2.) Following a house fire on April 17, 2024, the Crouches submitted a claim for benefits under the policy. The parties dispute the amount of property damage and were unable to reach a settlement on the matter.

The Crouches filed suit *pro se* in Jessamine Circuit Court on April 15, 2025. (R. 1-1, at 1–12.) Erie removed the action to federal court on August 25, 2025. (R. 1.) The Crouches, now represented by counsel, assert both contractual and extra-contractual claims. (R. 1-1). Erie has moved to bifurcate the Crouches' claims related to bad faith (Count 2, 3, 4) from the underlying contract dispute (Count 1).

## II. ANALYSIS

### A. Motion to Bifurcate

Under Federal Rule of Civil Procedure 42(b), a Court may bifurcate a matter into separate trials "for convenience, to avoid prejudice, or to expedite and economize[.]" The Court maintains discretion to try issues or claims separately. *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.*, 76 F.3d 743, 747 (6th Cir. 1996). While these decisions are made on a case-by-case basis, federal courts in Kentucky have consistently employed bifurcation to separate insurance coverage disputes from bad faith claims. *See Hardy Oil Co. v. Nationwide Agribusiness Ins. Co.*, No. 11-75-JBC, 2011 U.S. Dist. LEXIS 139932 (E.D. Ky. Dec. 6, 2011); *Bruckner v. Sentinel Ins. Co.*, No. 09-195-JBC, 2011 U.S. Dist. LEXIS 13365, *4 (E.D. Ky. Feb. 10, 2011) ("Given that Bruckner's bad faith claim depends on her ability to succeed on her breach of contract claim, bifurcation would best serve the interests of judicial economy."); *Dippin Dots, LLC v. Travelers Prop. Cas. Co. of Am.*, 322 F.R.D. 271, 275 (W.D. Ky. Aug. 23, 2017); *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-cv-54-R, 2011 U.S. Dist. LEXIS 138111, *6 (W.D. Ky. Dec. 1, 2011).

**1. Judicial Economy**

The Crouches' bad faith claims will disappear if they are not entitled to recover under the policy. Under Kentucky law, a bad faith claim requires showing that "the insurer is obligated to pay the claim under the terms of the policy[.]" *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993); *see Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute.") Because the Crouches' bad faith claims rest on their ability to demonstrate insurance coverage, bifurcation would promote judicial economy by avoiding the expense of litigating issues that may never arise. *See Smith v. Allstate*, 403 F.3d 401 (6th Cir. 2005) (affirming bifurcation where the merits of bad faith claim depended on resolution of the underlying contract claim); *Hardy Oil*, 2011 U.S. Dist. LEXIS at *4 ("Bifurcating the trials would allow the parties to engage in limited discovery for litigation of the coverage claim while narrowing the other claims, thus reducing the time and money parties will need to expend to litigate them.").

The Crouches attempt to argue that bad faith insurance claims may exist without a valid claim for coverage. (R. 6 at 8 (citing *Penton Media, Inc. v. Affiliated FM Ins. Co.*, 245 Fed. Appx. 495 (6th Cir. 2007).) But *Penton Media* invokes Ohio state law, which does not apply to the case at hand. *See* 245 Fed. Appx. at 501 ("Ohio law recognizes that bad faith in the adjustment of an insurance claim may exist without a valid claim for coverage."). In a diversity action, the court applies the substantive law of the forum state. *See Hoven v. Walgreen Co.*, 751 F.3d 778, 783 (6th

Cir. 2014) (internal citations omitted). Here, the substantive law of Kentucky applies, not Ohio. The Crouches' argument fails.

### 2. Prejudice

Bifurcation would also help avoid prejudice. Trying liability and bad faith claims together "unnecessarily interjects the issue of insurance coverage into the primary dispute of liability." *Pollard v. Wood*, 5:05-444-JMH, 2006 U.S. Dist. LEXIS 13459, *4-5 (E.D. Ky. Mar. 27, 2006). By trying the coverage issue first, Erie would be protected from prejudice resulting from evidence of bad faith. By simplifying the issues, bifurcation would also help prevent juror confusion. *Sanders v. Motorists Mut. Ins. Co.*, 3:08-37-DCR, 2008 U.S. Dist. LEXIS 80021, *7 (E.D. Ky. Oct. 7, 2008) ("presenting [a contract issue and bad faith issue] to a jury may unfairly bleed the evidence for one into the evidence for the other"); *see Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-cv-54-R, 2011 U.S. Dist. LEXIS 138111, *7 (W.D. Ky. Dec. 1, 2011). (finding that bifurcating trial would "permit the jury to focus on a single issue at a time and therefore avoid the introduction of confusing and perhaps privileged evidence until absolutely necessary."). Additionally, Bifurcation would not prejudice the Crouches because they will have the opportunity to litigate their bad faith claims if they succeed on their breach of contract claim.

### 3. Convenience

The benefit of potentially avoiding the costs and time spent addressing an additional issue outweighs the inconvenience of potentially holding two trials. *See Pollard v. Wood*, 2006 U.S. Dist. LEXIS at *5. While the Crouches argue that the

4

inconvenience of living in a rental residence would be prolonged by two trials, the Court is not convinced this negates the benefits of bifurcating the matter, as discussed *supra*.

Given that all factors weigh in favor of bifurcation, the Court, in its discretion, concludes that bifurcation of the contract claim from the bad faith claims is appropriate.

**B. Motion to Stay Discovery**

Like bifurcation, the decision whether to stay discovery until preliminary issues are decided is left to the court's discretion. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). In the context of an insurance dispute with contractual and bad faith claims, the Sixth Circuit upheld a district court's decision to stay discovery on a bad faith claim "[b]ecause the merits of the bad faith claim depended on" the outcome of the contract claim. *Smith v. Allstate*, 403 F.3d 401, 407 (6th Cir. 2005).

The Crouches contend there is an overlap of evidence between the contractual and extra-contractual claims. (R. 6.) They appear to argue that both the contractual and bad faith claims require disclosure of privileged materials to examine the motive and intent behind Erie's actions. (*Id.* at 13.) On the other hand, Erie argues the issues are distinct, and that such broad-based discovery would risk potential prejudice and threaten judicial economy with potentially unnecessary delay. (R. 4-1 at 6.) Specifically, Erie raises concerns about the revelation of attorney work-product information. (*Id.*; R. 7 at 3-4)

The Court agrees with Erie: the evidence required for the bad faith claims are separate and distinct from that required for the breach of contract claim. The contract claim will consider questions related to the value of the damaged property. (*See* R. 1-2 at 124-28 (Erie's Answer to the Complaint, admitting that an insurance policy existed between the parties but denying that it breached the insurance policy and averring that all sums due and owed were paid).) If nothing is payable under the terms of the insurance policy, there can be no bad faith claim. Evidence that will help determine what is payable under the terms of the insurance policy is different than the evidence used to consider whether Erie acted in bad faith.

The Court will grant the motion to stay discovery related to the bad faith claims pending resolution of the underlying coverage claim because it will help all parties avoid potentially needless discovery, including disclosure of privileged information, and added expense.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Erie Insurance Company's motion to bifurcate and stay discovery (R. 4) is GRANTED.

This 12th day of November, 2025.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**