UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:25-CV-00296-KKC-EBA

CHAD CROUCH, *et al.*, PLAINTIFFS,

V. **ORDER**

ERIE INSURANCE COMPANY, INC., *et al.*, DEFENDANTS.

*** *** *** ***

This matter is before the Court on Plaintiffs' motion to compel. [R. 32]. Plaintiffs also seek attorney's fees as sanctions under Rule 37(a)(5) of the Federal Rules of Civil Procedure. [*Id.* at pg. 9]. The matter is fully briefed and ripe for review. [R. 34; R. 36].

This case concerns an insurance policy dispute between Plaintiffs and Defendant Erie Insurance Company (Erie); Plaintiffs bring breach of contract and bad faith claims against Erie. [*See* R. 1]. By prior order, Judge Caldwell stayed discovery on Plaintiffs' bad faith claims until their underlying breach of contract claim is resolved. [R. 10].

In Plaintiffs' motion, they seek to compel: (i) the depositions of two of Erie's employees—Kerri Konkel, a Claims Examiner, and Joseph Vahey, Erie's Vice President; (ii) supplemental interrogatory responses which correct Erie's omission of Konkel and Vahey as persons with knowledge of Plaintiffs' insurance claim; and (iii) a privilege log for Erie's invocation of attorney-client privilege with respect to any testimony concerning "the content of teams calls and internal discussions" in which Matthew Ellison—who Erie apparently retained as counsel after Plaintiffs disagreed with its interpretation of the relevant insurance policy—participated. [R. 32]. With

respect to Konkel and Vahey, Plaintiffs contend that their testimony is relevant to their breach of contract claim because both Konkel and Vahey "played direct roles in evaluating and directing the handling of [Plaintiffs'] coverage claim." [R. 32].

The motion will be denied. Generally speaking, breach of contract claims related to insurance policies turn on "the facts underlying [the] claim and the language of the policy, an issue separate from [the insurer's] conduct or motive for its conduct." *Hines v. Safeco Ins. Co. of Am.*, No. 3:18-CV-304-JHM-CHL, 2019 WL 11641045, at *1 (W.D. Ky. Feb. 25, 2019) (citing *Live Nation Worldwide, Inc. v. Secura Ins.*, 298 F.Supp.3d 1032, 1036 (W.D. Ky. 2018)). In their own words, the crux of what Plaintiffs seek is information about "what Erie knew, what it investigated, and how it applied the terms of the Crouches' policy in reaching its coverage determination." [*See* R. 32 at pg. 2; *see also* R. 36 at pgs. 2, 4]. Thus, Plaintiffs seek information which concerns only Erie's conduct and/or motive—information which is irrelevant until the breach of contract claim is resolved. *See Mcbride v. Acuity*, No. 5:10-CV-173, 2011 WL 5975406, at *2 (W.D. Ky. Sept. 21, 2011) ("The evidence sought by Plaintiffs relating to Acuity's internal interpretation and analysis of the policy, the claims investigation, and the communications and documents relating to the request and denial of coverage have *no bearing on this Court's determination of whether coverage exists under the language of the [relevant] policy*." (emphasis added)); *cf. Shepherd v. Unumprovident Corp.*, 381 F.Supp.2d 608, 611 (E.D. Ky 2005) (employee's testimony concerning denial of plaintiff's insurance claim was admissible because it involved "information from first-hand observation and work experience with" the insurance company, and thus was "*relevant to Plaintiff's bad faith claim*" (emphasis added)). The only information relevant at this time is the terms of the relevant policy and the facts underlying "the nature of the covered event." *Live Nation*, 298 F.Supp.3d at 1036. Erie's internal handling of Plaintiffs' claim is only relevant to their bad

faith claim, on which discovery is currently stayed. [R. 10]. Thus, Konkel and Vahey's testimony is not relevant at this stage of the case.[1] So too for the Plaintiffs' argument that Erie must produce a privilege log with respect to any internal communications about "the interpretation and application of policy terms to the Crouches' loss" involving Ellison. [R. 32 at pg. 8]. Accordingly, having considered the matter, and being sufficiently advised,

**IT IS ORDERED** that Plaintiffs' motion to compel and for sanctions, [R. 32], is **DENIED**.

Signed June 1, 2026.

**Signed By:**
***Edward B. Atkins*** EBA
**United States Magistrate Judge**

---

[1] With respect to Plaintiffs' request for supplemental interrogatories which name Konkel and Vahey, this will be denied for the same reason. *See* FED. R. CIV. P. 26(a)(2) (noting that "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pre-trial conference or some other time" (emphasis added)); *see also* 8B Alan Wright & Arthur Miller, FEDERAL PRACTICE AND PROCEDURE § 2176 ("The district court has broad discretion in deciding whether to require answers to interrogatories.').