**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

**CHAD CROUCH, *et al.*,**

**Plaintiff,**

**v.**

**ERIE INSURANCE CO., INC., *et al.*,**

**Defendant.**

**CASE NO. 5:25-CV-296-KKC-EBA**

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Objections to the Magistrate Judge's Order on April 23, 2026 (R. 25) and on Plaintiffs' Objections to the Magistrate Judge's Order on June 1, 2026 (R. 39). Both objections are about discovery requests that implicate the Court's bifurcations order. (R. 10). The Court has bifurcated the Plaintiffs' contract claim from their bad faith claims against Defendant Erie Insurance Company, Inc., and discovery related to the bad faith claim is stayed pending resolution of the contract claim. (R. 10). This bifurcation was made to "avoid potentially needless discovery, including disclosure of privileged information, and added expense." (R. 10).

## I. STANDARD OF REVIEW

When a party makes objections to a magistrate judge's ruling, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* A judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* While the reviewing court must give "fresh consideration" to any findings objected to, it is not required to completely

disregard the magistrate judge's conclusions. *Fhamacy Records v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012).

## II. OBJECTIONS TO THE APRIL 23, 2026 ORDER

Plaintiffs Chad Crouch and Amy Crouch object to the Magistrate Judge's April 23, 2026 Order denying their Motion to Compel and for Sanctions. (R. 25). The Magistrate Judge denied the motion because it "seeks to compel Defendants to disclose information and documents which solely concern their bad faith claims." (R. 22). Plaintiffs object to the Order because the Magistrate Judge did not record a telephonic conference concerning the motion. (R. 25). They argue that the Court has no basis to uphold the Magistrate Judge's ruling and, therefore, it should be set aside. (R. 25).

Plaintiffs do not contest that they agreed to proceed with an off-the-record telephonic conference before the Magistrate Judge ruled on the issue. (R. 33; *see* R. 35). FED. R. CIV. P. 72 states this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* A telephonic conference is the type of proceeding that falls under a magistrate judge's discretion to record, review of this matter would normally be done on the briefings alone, and the lack of a recording does not prevent review by this Court.

Plaintiffs also object to the Magistrate Judge's ruling because the discovery requests do not violate the bifurcation order. (R. 25). The Court bifurcated litigation of the claims in this case, with the bad faith claims pending the resolution of the contractual claim. (R. 10). "Under Kentucky law, '[t]o prove a breach of contract, the complainant must establish three things: 1) the existence of a contract; (2) breach of that contract; and (3) damages flowing from the breach of contract.'" *Fifth*

*Third Bank v. Lincoln Fin. Secs. Corp.*, 453 F.App'x 589, 601 (6th Cir. 2011) (quoting *Metro Louisville/Jefferson Cnty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009)).

Plaintiffs make three different bad faith claims: (1) violation of KRS 304.12-230-235 (R. 1-1, Count II); (2) violation of KRS 367.178-180 (R. 1-1, Count III); and (3) a common law bad faith tort claim (R. 1-1, Count IV). "To pursue a bad faith claim in Kentucky, whether common law or statutory, requires Plaintiff establish (1) [the insurer's] obligation to pay; (2) that [the insurer] lacked a reasonable basis for failing to immediately pay; [and] (3) that [the insurer] knew it had no reasonable basis to delay payment or acted in reckless disregard as to whether such a basis existed." *Shepherd v. Unumprovident Corp*, 381 F.Supp.2d 608, 612 (E.D. Ky. 2005) (citing *Curry v. Fireman's Fund Ins. Co.*, 784 S.W.2d 176, 178 (Ky. 1989). "[T]he facts underlying [the] claim and the language of the policy, an issue separate from [the insurer's] conduct or motive for its conduct." *Hines v. Safeco Ins. Co. of Am.*, No. 3:18-cv-304, 2019 WL 11641045, at *1 (W.D. Ky. Feb. 25, 2049) (quoting *Live Nation Worldwide, Inc. v. Secura Ins.*, 298 F.Supp.3d 1032, 1036 (W.D. Ky. 2018)).

A review of Plaintiffs' original Motion to Compel (R. 18), Objections to Magistrate Judge's Order (R. 25), Reply (R. 35), and the record reveal that the requested documents concern the Defendant's investigation of the claim and coverage decisions—questions different than the contract claim issues "related to the value of the damaged property" or about "what is payable under the terms of the insurance policy." (R. 10 at 6). As this Court stated in the bifurcation order, "If nothing is payable under the terms of the insurance policy, there can be no bad faith claim." (R. 10 at 6). Plaintiffs motion to compel seeks "claim notes, communications, and other materials evaluating Plaintiffs' claim"—materials important for the bad faith claim that could be discoverable after the resolution of the contract claim currently being litigated. (R. 18-1).

Accordingly, the objections to the Magistrate Judge's April 23, 2026 Order (R. 25) will be overruled.

**III. OBJECTIONS TO THE JUNE 1, 2026 ORDER**

Plaintiffs object to a second order by the Magistrate Judge regarding a different motion to compel. (R. 39). In that motion (R. 32), Plaintiffs requested that the Court compel: (1) depositions of two Erie employees, Kerri Konkel and Joseph Vahey; (2) responses to supplemental interrogatories; and (3) a privilege log for the Defendant's invocation of attorney-client privilege. (R. 32). As with the previously analyzed motion, Plaintiffs argue that the discovery requests are related to the contract claim and not the bad faith claims. (R. 39 at 2–4). Defendant states that the requests are "related to the bad faith claims and not to the underlying coverage claim." (R. 40).

Insurance policy breach of contract claims consider "the facts underlying [the] claim and the language of the policy, an issue separate from [the insurer's] conduct or motive for its conduct." *Hines*, 2019 WL 11641045, at *1 (quoting *Live Nation Worldwide*, 298 F.Supp.3d at 1036). The Plaintiffs argue the issue they seek discovery about is "what factual determination did Konkel make about the repairability of the Crouches' home, and why did that determination override the branch team's total loss conclusion[.]" (R. 39).

As the Magistrate Judge already stated, "Plaintiffs seek information which concerns only Erie's conduct and/or motive—information which is irrelevant until the breach of contract claim is resolved." (R. 38 (citing *McBride v. Acuity*, No. 5:10-cv-173, 2011 WL 5975406, at *2)). Plaintiffs' arguments that the Court was in error based on its use of *Shepherd v. Unumprovident Corp.* are incorrect. The *Shepherd* court makes clear the requests at issue were relevant to a bad faith claim. *Shepherd*, 381 F.Supp.2d at 611. Additionally, Plaintiffs misconstrue *Live Nation*. That case also makes clear that "[t]he coverage issue will likely be decided on the basis of the

nature of the covered event and language of the policy, *a separate issue* from [the insurer's] conduct in denying the claim." *Live Nation*, 298 F.Supp.3d at 1036. Accordingly, objections to the order concerning the depositions of Kerri Konkel and Joseph Vahey are overruled.

Plaintiffs' objections regarding the supplemental interrogatories are overruled for the same reasons. Again, Plaintiffs seek discovery on claims that are not at issue at this stage of the case per the Court's bifurcation order. Last, Plaintiffs' argument that the defendant must produce a privilege log are overruled for the same reasons. The Plaintiffs state that Fed. R. Civ. P. 26(b)(5)(A) requires the logs, which would be true if Defendant was withholding "*information otherwise discoverable*." Fed. R. Civ. P. 26(b)(5)(A) (emphasis added). The information is not otherwise discoverable because it is relevant to only the bad faith claims. Accordingly, the objections to the magistrate judge's order regarding the supplemental interrogatories and privilege log are overruled.

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby **ORDERS**:

(1) Plaintiffs' Objections to the Magistrate Judge's Order on April 23, 2026 (R. 25) are **OVERRULED**;

(2) The Court **ADOPTS** the Magistrate Judge's Order on April 23, 2026 (R. 22) as the opinion of the Court, and the Platiniffs' Motion to Compel and Motion for Sanctions (R. 18) is **DENIED**;

(3) Plaintiffs' Objections to the Magistrate Judge's Order on June 1, 2026 (R. 39) are **OVERRULED**;

(4) The Court **ADOPTS** the Magistrate Judge's Order on June 1, 2026 (R. 38) as the opinion of the Court, and the Plaintiffs' Motion to Compel and Motion for Sanctions (R. 32) is **DENIED**.

November 9, 2026.

**Signed By:**

***Karen K. Caldwell***

**United States District Judge**